RECEIVED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA JAN -2 AM 8: 31
MACON _____ DIVISION

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA

QUESTIONNAIRE FOR PRISONERS PROCEEDING MACON, GEORGIA
PRO SE UNDER 42 U.S.C.§ 1983

Eric O'Brien Johnson #117108

_____

_____

_____

(GIVE FULL NAME AND PRISON NUMBER OF EACH PLAINTIFF)

Plaintiff(s)

CIVIL ACTION NO: **5 : 14-CV-003**

VS.

Brian Owens, Cynthia Nelson

Dennis Brown, Rick Jacobs

George Ivey, A. Hill, Ransom

Pleas T. Mahaney, Mosley

(NAME OF EACH DEFENDANT)

Defendant(s)

## I. GENERAL INFORMATION

1.  Your full name and prison number(s): Eric O'Brien Johnson #117108

2.  Name and location of prison where you are now confined Hancock State Prison
    PO Box 339 Sparta Georgia 31087

3.  Sentence you are now serving (how long?): Life plus ten years
    (a) What were you convicted of? Felony Murder, Theft by Receiving
    Stolen Auto, Agg Assault, Fleeing in Attempt to Elude
    (b) Name and location of court which imposed sentence: Fulton County Superior
    Court 136 Pryor Street Atlanta Georgia 30303
    (c) When was sentence imposed? _____

    (d) Did you appeal your sentence and/or conviction?        ☑ Yes        ☐ No

    (e) What was the result of your appeal? Conviction Upheld _____

    (f) Approximate date your sentence will be completed: July 2017 _____

## II. PREVIOUS LAWSUITS

4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment?    ☑ Yes    ☐ No

5. If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH.)

(a) Parties to the previous lawsuit:

Plaintiff(s): Eric O'Brien Johnson

Defendant(s): Gregory McLaughlin et Al

(b) Name of Court: United States District Court Middle District of Georgia

(c) Docket Number: 5:13-CV-293-MTT-MSH    When did you file this lawsuit? August 2013

(d) Name of judge assigned to case: Stephen Hules

(e) Is this case still pending?    ☑ Yes    ☐ No

(f) If your answer to (e) is "No," when was it disposed of and what were the results?
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?) _____

_____

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Where are you now confined? Hancock State Prison

(a) How long have you been at this institution? 80 days

(b) Does this institution have a grievance procedure?    ☑ Yes    ☐ No

(c) If your answer to question 6(b) is "Yes," answer the following:

(1) Did you present your complaint(s) herein to the institution as a grievance?
☑ Yes    ☐ No

(2) What was the result? Denied

_____

(d) If your answer to question 6(b) is "No," explain why not: _____

_____

(e)  What, if anything, have you done to bring your complaint(s) to the attention of prison officials?  Give dates and places and the names of persons talked to: _I spoke to_
_WARDEN BROWN ON November 12, 2013 / I spoke to WARDEN_
_as October 10 2013 I spoke to Cynthia Nelson on December_
_16 2013_

7.  In what other institutions have you been confined?  Give dates of entry and exit.
_Unknown_

## VI. PARTIES TO THIS LAWSUIT

8.  List the name and address of each plaintiff in this lawsuit.
_ERIC O'BRIEN JOHNSON #1171103 HANCOCK state_
_PRISON P.O. BOX 339 SPARTA GEORGIA 31087_

9.  List the full name, the official position, and the place of employment of each defendant in this lawsuit.
(ATTACH ADDITIONAL PAGES IF NECESSARY)
_BRIAN OWENS COMMISSIONER D.O.C, CYNTHIA NELSON RECORDS_
_DIRECTOR, D.O.C, DENNIS BROWN WARDEN HANCOCK state PRISON,_
_Phick JACOBS field operator DOC, George Ivey Deputy_
_WARDEN; HANCOCK state PRISON PRISON, UNIT MANAGER HANCOCK_
_state PRISON, TAMARIA MAHONEY Chief COUNSELOR HANCOCK state_
_PRISON, Mosley Counselor HANCOCK state PRISON_

## V. STATEMENT OF CLAIM

10.  In the space hereafter provided, and on separate sheets of paper, if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court WHAT you contend happened to you, WHEN the incident(s) you complain about occurred, WHERE the incident(s) took place, HOW your constitutional rights were violated, and WHO violated them.  Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

Do not give any legal argument or cite any cases or statutes at this time; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments.  KEEP IN MIND THAT RULE 8 OF THE *FEDERAL RULES OF CIVIL PROCEDURE* REQUIRES THAT PLEADINGS BE SIMPLE, CONCISE, AND DIRECT.  If the court needs additional information from you, you will be notified.

## STATEMENT OF CLAIM (Continued)

Where did the incident you are complaining about occur? That is, at what institution or institutions?
Hancock State Prison

When do you allege this incident took place? October 10 2013 to present date

What happened? Eric O'brien Johnson was transported to Hancock State Prison after being assaulted by several officers at Macon State Prison. Eric O'brien Johnson filed a 1983 civil action and was transported to Hancock State Prison on october 10, 2013. Upon arrival at Hancock State Prison Deputy Warden Ivey And Several C.E.R.T Members became very aggressive with plaintiff using disrespectful names, And "bad" handling plaintiff. Warden Ivey refused plaintiff medical attention upon arrival at the prison. He instructed the C.E.R.T team to get this nigger behind a door quickly He will do anything He is a Dickerector (declaration attached) On October 15, 2013 plaintiff received a segregation hearing plaintiff was not given any information for the reason Warden H. Hill placed plaintiff on welfare of the institution Plaintiff attempted to speak with Warden Ivey several times Between October 10, 2013 And November 13 2013 when the Tier II Administrative Segregation Program started on November 12, 2013 plaintiff spoke to Warden Brown About the Due Process Violations that was bound to occur if plaintiff was Not given a hearing before placed in Deciplinary Segregation. Warden Brown Agreed And refused to say anything to plaintiff. On November 13 2013 Several Cert Members took Away All of plaintiffs personal property And Hugiene Items Inventory Attached) Several minutes After T Mahoney, Mosley And Burston walked Around And shit in A room form uncler my door - I had no idea of the incidents they Attempted to belter to so I couldn't properly Defend myself. I filed my Appeal in the timely 3 business days on November 14 2013 with Counsler Burston for fourty Days. I Asked Each Day About Any Appeal And the Time Compliance that has been violated. Every person in this Complaint brushed off the questions closed Door Flaps And paid No Attention to my questions. I spoke to Warden A Hill on November 16 2013 And He stated He was Out of compliance on the fourteen business day dead line



So file your paper work I don't care. On December 16 2013 Regional Director Cynthia Nelson visited Hancock state Prison And spoke to me at cell 129 in G-2 housing Unit. I explained I had not got my Appeal back and it had been well over the dead line. She laughed and instructed or orders to give plaintiff Another Appeal. She then stated "You Remember the trip to Baldwin and my bandit" there we talked Away. I have never received any Disciplinary report or sanction for Anything About A Bandit. I have no idea what she was referring to until several weeks later. On December 23, 2013 I received my Appeal with Additional writing on the form that was not present when I received it on November 13 2013 The Additional writing stated "See documentation dated 12/23/13 Re: bandit" And denied the Appeal. The Date Signed by the facility operator was 12/02/13 well over twenty days from the day plaintiff received his Appeal. The Additional writing was added on or after 12/23/13 because the placed some documentation his plaintiffs file on his the computer denying his Appeal on the same day 12/23/13 Regional Director Cynthia Nelson was visiting the prisons. She influenced the people or persons that denied plaintiffs Appeal (see the copy of plaintiff Appeal Attached) I have also wrote the law Library clerk At the prisons for a copy of the S.O.P that governs the Tier II Administrative Segregation Program. She Refused Saying we can not have the S.O.P per the Administrations. So I was not able to correctly state my claim without the S.O.P.

11. List the name and address of every person you believe was a witness to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened.
(USE ADDITIONAL SHEETS, IF NECESSARY)

Veronique Gowa hedding #957056 witnessed the Deputy Warden George Ivey-of me that was not petting out that Gregory McLaughlin was a personal friend

12. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes.
(USE ADDITIONAL SHEETS, IF NECESSARY)

A preliminary and permanent injunction ordering defendants to release plaintiff upon Tier II. Administrative Segregation. Plaintiff nominal damages in the amount of $1,000.00 against each defendant, jointly and severally, compensatory damages in the amount of $1,000.00 against each named defendant, jointly and severally attorneys-fee, in the amount of $500.00 against each defendant, jointly and severally

13. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto.

14. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT. IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE. If you fail to prosecute your case, it will be dismissed under Rule 41 of the *Federal Rules of Civil Procedure*.

Signed this 24 day of December, 20 13

Eric O'Brien Johnson
*(Signature of Plaintiff)*

United States District Court
Middle District of Georgia
Macon Division

Eric O'Brian Johnson
plaintiff,

Complaint
Civil Action No;

v.

Brian Owens; Commissioner. D.O.C
Cynthia Nelson; Regional Director; Middle Region
Dennise Brooks; Warden; Hancock State Prison
Rick Jacobs; field operator; Middle Region
George Ivey; Deputy Warden; Hancock State Prison
A. Hill; Deputy Warden; Hancock State Prison
Ransom; Unit Manager; Hancock State Prison
Pleas; Lieutenant; Hancock State Prison
Tammia Mahorsey; Chief Counselor; Hancock State Prison
Mosley; Counselor; Hancock State Prison
Individually and in their official capacities,
defendants.

Jurisdiction And Venue

1. This is a civil action authorized by 42 U.S.C. Section
1983 to redress the deprivations under color of state
law of rights secured by the Constitution of the United
States. The court has jurisdiction under 28 U.S.C
Section 1331 and 1343 (A)(3) plaintiff seeks declaratory
claims for injunctive relief are authorized by 28
U.S.C Sections 2283 and 2284 and Rule 65 of the
federal Rules of Civil Procedure.

2. The middle appropriate venue under 28 U.S.C Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

Plaintiff

3. Plaintiff Eric O'Brien Johnsons is and was at all times mentioned herein a prisoner of the State of Georgia in the custody of the Georgia Department of Corrections. Plaintiff is currently confined in Hancock State Prisons in Sparta, Georgia 31087

Defendants

4. Brian Owens is the commissioner of the Department of Corrections. He is legally responsible for the operations of Each prisons, the staff under his authority and for the welfare of all the inmates in the Georgia Department of Corrections.

5. Cynthia Nelsons is the Regional Director of Each prison in the Middle Georgia Region. She is legally responsible for the operations of each prison, the staff under her authority and for the welfare of all the inmates in the Middle Georgia Region.

6. Densisis Brooks is the Wardens of Hancock State Prisons. He is legally responsible for the operations of Hancock State Prisons and for the welfare of all the inmates of that prison.

7. Rick Jacobs is the field operator for Each prison in the Middle Georgia Region. He is legally responsible for the overall operation of the Tier II Rang 10km Administrative

8. George Irey is the Deputy Warden of Security of Hancock State Prisons. He is legally responsible for the security and internal orders of Hancock State Prisons.

9. A. Hill is the Deputy Warden of Care and Treatment at Hancock State Prisons. He is legally responsible for the treatment of all inmates at Hancock State Prison.

10. Ransom is the Unit Manager of Administrative Segregation at Hancock State Prisons. He is legally responsible for the overall operations of that Unit at Hancock State Prisons.

11. Plass is a lieutenant over Administrative Segregation at Hancock State Prisons. He is legally responsible for the acts and omissions in this complaint.

12. Tamakia Mahoney is the Chief Counselor at Hancock State Prisons. She is legally responsible for the counselors under her authority and for the welfare of all the inmates at Hancock State Prison.

13. Mosley is the Counselor over Administrative Segregation at Hancock State Prisons. She is legally responsible for the acts and omissions in this complaint.

14. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under color of State law.

## Facts

15. At all times relevant to this case plaintiff was being housed in Administrative Segregation Tier II program in G-2 housing Unit.

16. As October 1, 2013 Defendant A. Hill placed plaintiff in Administrative Segregation without cause upon plaintiff's transfer to Hancock State Prison.

17. On October 15, 2013 plaintiff received a Segregation Hearing in 3. MU Cell #5. Defendant A. Hill refused to provide plaintiff with information on the reasons plaintiff was placed on welfare of the institution and refused entry into general population.

18. Plaintiff attempted to speak with Deputy Warden Ivey every day from October 11, 2013 until November 8, 2013 about returning to general population. Defendant Ivey ignored and placed sides on plaintiff daily.

19. On October 10, 2013 Defendant Ivey refused to allow plaintiff to see medical upon entry to Hancock State Prison. He instructed the C.E.R.T Team to get plaintiff behind a door quickly.

20. On November 13, 2013 general C.E.R.T Team members took away all of plaintiff's personal property and Hygiene items.

21. Plaintiff did not receive notice of the charges against him and his opportunity to present his views to prisons officials charged with deciding whether to place him in Administrative Segregation.

22. In Absence of this Punishment, like other inmates housed at Hancock State Prison in general populations plaintiff would have been able to leave his cell and cook, take classes and mingle with others for eight to twelve hours each day.

23. Segregation for "serious, misconduct" triggers plaintiff due process protections

24. As a result of this "Administrative Segregation" plaintiff has to spend his entire time alone in a isolation cell with the exception of 60 minutes on Tuesday and Thursday as average for brief exercise and shower periods, during which he none-the less remains isolated from other inmates and constrained by leg irons and waist chains.

25. Plaintiff is confined to an isolated cell for twenty four hours a day, one visit per month, denial of personal property, commissary and receipt of package privileges and denial of participation in educational, rehabilitative and religious programs.

26. These disciplinary confinement and the conditions are different from conditions in both the general population of Hancock state prison and other segregative housing.

27. Confinement in Isolation conditions for 270 days has been established by the Supreme Court a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under Sandin.

28. The S.O.P states Exercise periods shall be available for a minimum of five hours per week, with at least one hour per day for five days. This exercise shall be outside the cell.

29. The Tier II Administrative Segregation program is under staffed, the officers can't provide the basic needs of the inmates housed in the program such as showers, outside recreation.

30. Plaintiff was denied his right to a formal hearing before being placed in the Tier II Administrative Segregation on November 13, 2013

31. Plaintiff was subjected to Disciplinary Segregation without a prior hearing and substantial time to raise a defense.

32. Plaintiff was denied his right to call witnesses and present documentary evidence.

33. Plaintiff is being subjected to long periods of isolation segregation in the usual "disciplinary cell" or a "strip cell".

34. Plaintiff spoke to Regional Director Cynthia Nelson on December 16, 2013 about the Tier II Administrative Segregation Appeal being out of compliance with the fourteen business day limit. She laughed and instructed Defendant Berisle brooks to give Plaintiff another Appeal.

35. Plaintiff spoke to Defendant Hill about the Tier II Appeal on December 16, 2013 He stated "We are out of compliance on the fourteen days so file your papers work it, can't hurt me.

36. Plaintiff received his Appeal fourteen days after the Tier II Administrative Segregation program started by Defendant Mosley.

37. The Appeal has writing that was not on the Appeal when plaintiff filed the appeal it said "See documentation dated 12/23/13 RE: Danoit. Plaintiff knew nothing about the incident.

38. Upon Information and belief Defendant Nelson instructed the staff under her Authority to deny plaintiffs Appeal due to an Alleged incident where a Danoit which is a security device was lost.

39. Upon Information and belief the S.O.P states No form of cruel, inhumane or unusual punishment shall be

Administration Under MHA.

40. Upon information and belief Defendants Nelson and Defendant Ivey are holding plaintiff in the Tier II long term Administrative Segregation for, two prior civil actions filed in the Middle Georgia District.

41. Plaintiffs prolonged placement in solitary confinement has caused plaintiff mental issues and plaintiff is being denied mental health services at both the institutional level as well as the mental health level.

42. Plaintiff has been in solitary confinement since May 06, 2013 upon arrival at Macon State Prison.

43. Upon information and belief Defendant Ivey is holding plaintiff in solitary confinement as a hazard to Gregory McLaughlin + Defendant in civil action #5:13-cv-293-MTT-MSH and a personal friend of Defendant Ivey.

44. Defendant George Ivey was employed at Macon State Prison as a Unit Manager under the authority of Defendant Gregory McLaughlin, which plaintiff has filed a civil action against in August 2013.

45. Plaintiff received his Appeal form on December 23, 2013 from Defendant Mosley an hour after she had not advised plaintiff his Appeal had not come back.

46. Upon information and belief Defendant Nelson and Defendant Mosley conspired to delay plaintiffs Appeal upon her visit to Hancock State Prison on December 23, 2013.

47. Upon information and belief the S.O.P prohibits any Disciplinary sanctions until the inmate has been to a formal hearing and guilt has been proven.

48. Lipas Jackson and Warden Wilson, Deputy Warden Wilson, Owens, Brown, Irey, Hill, Ransom, Mahoney, Pless and mosley instructed the Law Library Clerk to not give any inmates a copy of the S.O.P that Governs the Tier II Administrative Segregation Program to hinder the inmates from filing a civil action for Redress from the grievance.

## Exhaustion of legal Remedies

49. Plaintiff used the Tier II Administrative Segregation Appeal form Available at Hancock state prison to try and solve the problem. Plaintiff Also contacted office of Investigation and Compliance Inmate Affairs and ombudsman. Plaintiffs grievance Appeal and copy of the Response form Attached.

## Legal Claims

50. Plaintiff reallege and incorporate by Reference paragraphs 1-49

51. Defendants Owens, Nelson, Brown, Jacobs, Irey, Hill, Ransom, Pless, Mahoney and Mosley created Tier II Administrative Segregation and placed plaintiff in the program denying plaintiff Eighth Amendment right to be free of cruel, inhumane and unusual punishment. Each defendants Actions violated plaintiff rights under the Eighth Amendment of the United States Constitution, and caused plaintiff suffering and Emotional Distress.

52. Defendant Owens, Brown, Ransom, Jacobs, Ivey, Hill, Ransom, Pleas, Mahousey placed plaintiff in isolation segregation confinement without a formal hearing and failed to allow plaintiff his right to present documentary evidence in his defense. Each Defendants actions violated plaintiff's right to due process of law. Each Defendants actions violated plaintiff's rights under the Fourteenth Amendment of the United States Constitution, and caused plaintiff suffering and emotional distress.

53. Defendants Owens, Brown, Nelson, Jacobs, Ivey, Hill, Ransom, Pleas, Mahousey and Mosley denied plaintiff right to purchase personal hygiene items and took away plaintiffs personal hygiene items in violations of plaintiff rights under the Eighth Amendment of the United States Constitution, and caused plaintiff suffering and emotional distress.

54. Defendant Owens, Brown, Nelson, Jacobs, Ivey, Hill, Ransom, Pleas, subjected plaintiff to solitary confinement which is atypical and significant hardship as plaintiff in relations to the ordinary incidents of prison life which creates a liberty interest in violation of plaintiff's rights under the United States Constitution and caused plaintiff suffering and emotional distress.

55. Defendants Nelson, Brown, Ivey, Hill and Pleas placed plaintiff in the Tier II program to hinder plaintiff right to reach the courts for redress of a grievance. Each Defendants actions violated plaintiff's rights under the First Amendment of the United States Constitution and caused plaintiff suffering and emotional distress

56. Defendant, [Deputy Warden Ricky Hill, Hart] failed to provide plaintiff with an accurate picture of what was at stake in the hearing in violation of plaintiff due process rights. Each Defendants Actions violated plaintiffs rights under the fourteenth Amendment of the United States Constitution, and caused plaintiff suffering and emotional distress.

57. By threatening plaintiff with physical violence or corporal punishment for exercise of his rights to seek redress from the prison through use of the prison grievance system, Defendants Ivey, Pliers, Barreon, and Nelson is retaliating against plaintiff unlawfully in violation of plaintiffs rights under the first Amendment of the United States Constitution. Each Defendants Actions caused injury to his first Amendment rights.

58. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## Prayer for Relief

Wherefore, plaintiff respectfully pray that this court enters judgment:

59. Granting plaintiff a declaration that the Tier II Administrative Segregation program acts, and omissions described herein violates his rights under the Constitution and laws of the United States, and

60. A preliminary and permanent injunction ordering defendants to release plaintiff from Tier II Administrative Segregation, and

61. Granting plaintiff nominal damages in the Amount of $1,600.00 Against each named defendant jointly and severally.

62. Plaintiff seeks compensatory damages in the Amount of $1,000.00 Against each named defendant jointly and severally, And

63. Plaintiff seeks punitive damages in the Amount of $2,500.00 Against each named defendant jointly and severally, And

64. Plaintiff seeks A trial on all issues triable by jury, And,

65. Plaintiff Also seeks recovery of his cost in this suit, And

66. Attorney's fee in the Amount of $1,500.00 Against each named defendant jointly and severally, And

67. Any Additional relief this court deems just proper and equitable.

Dated: December 24 2013

Respectfully Submitted
Eric O'Kruis Johnsons
plaintiff pro se.
Hancock State Prison
P.O. Box 339
Sparta, Georgia 31087

I have Read the foregoing Complaint And hereby verify that the matters Alleged therein Are true except As-to matters Alleged on Information And belief And As-to-those I believe them to be true. I Certify Under penalty of perjury that the foregoing is-true And correct

Executed At Sparta, Georgia on December 24 2013

ERIC O'BRIEN JOHNSON
plaintiff pro se

ISC02-0004
ATTACHMENT 3
2/01/10

(FACILITY NAME)

## CLASSIFICATION APPEAL FORM

TO: WARDEN Ivey
FROM: INMATE Eric Johnson   ID# 1171103
DATE: 10/15/13

SUBJECT: APPEAL OF CLASSIFICATION COMMITTEE ACTION

I wish to appeal the decision of the Classification Committee regarding: (**complete one**)

1. Dorm Change: _____

2. Initial Detail Assignment: _____

3. Detail Change To: _____

4. Segregation Placement: Inc 8. M.U Cell #5

5. Security Level: _____

6. Program Assignment: _____

7. Behavior Level: _____

REASON FOR APPEAL: I'm a new arrival without any Disciplinary Reports there is no reason to place me on lockdown. This institution this is a campaign of harrassment & a civil suit filed in federal court Retaliation Atter

~~Eric O Johnson~~                    10/15/13
INMATE SIGNATURE                      DATE

*************************************************************
### REVIEW OF APPEAL

✓ I concur with the Classification Committee's Action

_____ The following recommendation(s) has/have been made in this case:

_____

~~Irvin Brown~~                       11-18-13
WARDEN SIGNATURE                      DATE

RETENTION SCHEDULE:
Upon completion, this form is to be placed in the inmate administrative case file.

United States District Court

Middle District of Georgia

Macon Divison

Eric O'Brien Johnson

    plaintiff,

V.

Brian Owens, et. Al';

    defendants

Declaration

of

Vercoous Geona Redding GDC 957056

Civil Action No.

5:13-CV-293-MTT-MSH

Vercoous Geona Redding GDC 957056

  I Vercoous Geona Redding GDC 957056 am currently housed in SMU cell 6 which is directly beside S.M.U 5

Eric O'Brien Johnson who is and was in S.M.U cell 5 in administrative segregation.

  On October 17, 2013 I saw Deputy Warden Ivey take a Inmate clothing and place him in a empty cell as a form

of corpral punishment. He stated loud and clear in the dorm for you rejects and paper work pushers this is how

It's going to happen to you. "Piss Ivey off and you sleep on cold steel for a couple days to get your mind right"

  I declare under the penalty of perjury that the foregoing is true and correct. Excuted at S.M.U Hancock State

Prison October 17, 2013

    Vercoous Geona Redding GDC 957056

United States District Court

Middle District of Georgia

Macon Division

Eric O'Brien Johnson

        Plaintiff,

V.

Brion Owens., et Al.,

        defendants

Declaration

of

Verconus Geona Redding GDC957056

Civil Action No;

5:13-CV-293-MTT-MSH

Verconus Geona Redding GDC957056 hereby declares:

I Verconus Geona Redding GDC957056 am currently housed in S.M.U. Cell 6 which is directly beside S.M.U Cell 5 Eric O'Brien Johnson, who's and was in S.M.U cell 5 in administrative segregation.

On October 15,2013 I heard Deputy Warden Ivey tell Eric O'Brien Johnson "McLaughlin is a very good friend of mine If he had you in the hole at Macon state Prison you're going in the hole at Hancock state Prison and you will be over here. Keep filing your paper work they going to make me Warden and I'll send for you at the prison I go to.

    I declare under the penalty of perjury that the foregoing is true and Correct. Executed at SMU Hancock State Prison on October 17,2013

        Verconus Geona Redding GDC957056

# GEORGIA DEPARTMENT OF CORRECTIONS
## INMATE PERSONAL PROPERTY INVENTORY

Attachment 2
SOP IIB6–0002
6/01/2005

NAME: Johnson, Eric          NUMBER: 117103          DATE: 11-13-13

REASON FOR INVENTORY: Tier II Phase I     INSTITUTION: Hancock

**CLOTHING ITEMS (BE SPECIFIC)**

| | |
|---|---|
| TROUSERS | ✓ |
| SHIRTS | 01 |
| SOCKS | |
| JACKET | |
| SWEATSHIRT | |
| CAP | |
| BELT | |
| HANDKERCHIEF | |
| UNDERSHIRTS | |
| UNDERSHORTS | |
| HOUSECOAT | |
| TENNIS SHOES | 01 |
| BEDROOM SHOES | 01 |
| DRESS SHOES | |
| SHOWER SHOES | |
| GYM SHORTS | |
| PAJAMAS | |
| SKULL CAP | |

**FOOD ITEMS**

**MISCELLANEOUS ITEMS**

| | |
|---|---|
| DRINKING CUP | 01 |
| SHEETS | ✗ |
| PILLOW CASES | ✗ |
| TOWELS | 01 |
| BATHCLOTHS | |
| BLANKETS | |
| Bowl - 01 | |

**PERSONAL GROOMING ITEMS**

| | |
|---|---|
| TOOTHPASTE | |
| RAZORS / BLADES | |
| SHAMPOO | |
| SHAVING CREAM | |
| COMBS | |
| HAIRBRUSH | 01 |
| TOOTHBRUSH | 02 |
| DEODORANT | |

**PERSONAL PROPERTY ITEMS**

| | |
|---|---|
| PHOTO ALBUM | |
| PHOTOGRAPHS | |
| COUPON BOOK | |
| HEADPHONES | |
| RADIO | |
| WRISTWATCH | |
| JEWELRY | |
| RELIGIOUS MEDAL | |
| PAPER / PADS | |
| PENCILS / PENS | |
| MAGAZINES | 04 |
| BOOKS | 03 |
| SUNGLASSES | |
| EYEGLASSES | |
| BILLFOLD | |
| LETTERS | |

**TOBACCO ITEMS**

**LEGAL MATERIALS**

This form must be completed any time an inmate's personal property is confiscated or stored for any reason.  The form should also be completed upon inmate's arrival at a new institution.

Inventory Officer's Signature

Inmate's Signature

Shift Supervisor's Signature     11/13/13

Witness' Signature

ERIC Johnson     11/13/13
Inmate's Ack/Receipt of Property

Officer Returning Property

**RETENTION SCHEDULE:**
Upon completion of this form, it will be placed in the inmate/probationer's case history file.

Distribution:     White – Inmate File     Canary – Inmate     Pink – ID / Property Room          PI–634 (Rev. 6/01/2005)



**Georgia Department of Corrections**
Hancock State Prison
Post Office Box 339
Sparta, Georgia 31087
Telephone: (706) 444-1000
Fax: (706) 444-1137

*Nathan Deal*
*Governor*

*Brian Owens*
*Commissioner*

## Segregation Hearing
Recommendation

Johnson, Eric                    1171103              10|15|13
**Inmate Name**              **GDC#**              **Date**

✓          **You are recommended to remain in Segregation**


____          **You are recommended to return to Population**


_D. All_
_____
**Chairperson Signature**

Attachment 4
SOP IIB05-0001

G 2
129-B

## WARDEN'S/~~SUPERINTENDENT'S~~ GRIEVANCE RESPONSE

Offender's Name: Eric Johnson                    Grievance Number: 159199

GDC#: 1171103                    Facility: Hancock State Prison

RESPONSE TO GRIEVANCE: Your grievance alleging that 10-10-13 Deputy Warden Ivey refused you entry into general population because of civil suits you have because he is personal friends with the defendant , Gregory McLaughlin, and this is hindering his access to courts thus violating his rights has been investigated. According to Mr. Ivey, Deputy Warden of Security, you are in segregation pending dorm assignment, he has no knowledge of the lawsuit nor is he personal friends with Gregory McLaughlin, and you are a disciplinary report collector. Also, you have access to the courts while in segregation and you can request legal material.    Based that fact that you are pending dorm assignment and Mr. Ivey has no knowledge of your civil suits nor is personal friends with Gregory McLaughlin you have not proven harassment by staff, your grievance is denied.

Warden's/~~Superintendent~~ Signature                    11-22-13
                                                        (date)

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:

Offender's signature                    12/09/13
                                        (date)

*You have seven (7) calendar days within which to appeal this Response to your Grievance Coordinator.*
*If the last day is not a business day at your institution, you may file it on the next day that is a business day.*

United States District Court
Middle District of Georgia
Macon Division

Eric O'brien Johnson
Plain iff

Nathan Deal et, Al,

Declaration
Of
Zionel D. Harvey

Civil Action No.

(Zionel D. Harvey) Here by Declares

I'm currently housed in cell 128 Which is next door to Eric O'brian Johnson who is and was housed in Cell 129 in G-2 Administrative Segregation/Isolation Tier II Program.

On November 13, 2013 the officers Removed All my Personal Property and placed me in A Isolation Cell. I was not Notified of Any hearing or Anything of that Nature. Counselor Mocley And Chief Counselor Mahouney walked around giving out Appeal forms to Appeal I Know Nothing About.

I declare Under the Peasalty of Perjury that the foregging is true and correct. Excuted At G-2 housing Vacit At Hancock State Prison on November 29 2013

Lionel D. Harvey

United States District Court
Middle District of Georgia
Macon Division


Eric O'Brien Johnson                    Declarations
V                                            OF
  Nathan Deal et al,            Michael Alan Spruill
                                          Civil Action №.


Michael Alan Spruill Here By Declares

I'm currently housed in cell 134 which is a few doors
Down from Eric O'Brien Johnson who is And was
housed in cell 129 in G2 Administrative Segregations/
Isolations Tier II Program.

On November 13, 2013 the officers Removed All my personal
property and placed me in a Isolation cell. I was not
Notified of any hearing or anything of that nature.
Counselor Mosley and Chief Counselor Mahouney walk
Around giving out appeal forms to Appeal Charges I Know
Nothing About.

I declare under the penalty of perjury that the foregoing
is true and Correct. Executed at G2 housing Unit At
Hancock state Prison D.'s November 20, 2013
                                          Michael A. Spruill

Attachment 4
SOP IIB05-0001

## WARDEN'S/~~SUPERINTENDENT'S~~ GRIEVANCE RESPONSE

Offender's Name: Eric Johnson                    Grievance Number: 160978

GDC#: 1171103                                    Facility: Hancock State Prison

RESPONSE TO GRIEVANCE: Your grievance alleging that on 10-10-13 Deputy Warden Ivey refused you entry into general population because of civil suits you have against a defendant who is his friend has been investigated. Based on the fact that this issue has been addressed in grievance number 159199, your grievance is denied.

_____               _____
Warden's/~~Superintendent~~ Signature               (date)   12-17-13

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:

_____               _____
Offender's signature                               (date)

*You have seven (7) calendar days within which to appeal this Response to your Grievance Coordinator.*
*If the last day is not a business day at your institution, you may file it on the next day that is a business day.*

# ADMINISTRATION SEGREGATION:
# TIER II PROGRAM HANDOUT

## TIER II PROGRAM

Offenders assigned to the TIER II Unit have been placed in Administrative Segregation for long-term disciplinary actions. Offenders have the right to appeal their placement into the program.

### ONDUCT REQUIREMENTS:

- Follow the Rules and Regulations of the GDC.
- Required to be "inspection ready" concerning your cell, your property, and your person. A Management Team member will make rounds within the living unit daily.
- Register concerns in an appropriate manner to any inspection team member.
- Appropriately dressed when leaving cell.
- Movement within dorm is under direct escort by Security/Staff.
- No boisterous, profane, vulgar or obscene language.
- Participation in homosexual behavior or any sexual behavior (masturbation) or activity with any person will subject you to major disciplinary action.
- No trading, swapping or lending anything, no matter how small in value or size will take place between you and other offenders.
- Do not interfere or hinder a staff member from their duty.
- All orders and instructions given to you by prison staff is considered an official order which you must obey.
- Do not perform any careless, reckless, and negligent or willful act/behavior which causes a fire or unsafe situation.
- At no time shall prison locking device or security equipment be removed or tampered within any manner. If you deliberately damage state property, you will be given a DR (disciplinary report) and your account will be temporarily frozen pending the results of the DR hearing. If you are found guilty, your account will be permanently frozen until you have paid for the damage in full.

## PROGRESSION THROUGH TIER II

The assigned counselor will use the offender's existing Scribe case plan to manage the offender while assigned to the TIER II program. The counselor may modify the offender's case plan as necessary depending on his conduct/behavior while moving through any one of the three phases.

An offender is given the opportunity to progress through Phases 1, 2, and 3 of the program based upon his behavior and ability to adjust. Movement between the Phases is based upon the offender meeting or failing to meet the expectations outlined in the offender's individualized case plan.

Counselors and as applicable Mental health counselor will complete an informal 30-day contact to assist with the determination if an offender move from one phase to another.

At the end of 90 days, a formal 90-day review will be completed. The assigned counselor and as applicable MH counselor will make recommendations to the TIER II Unit Manager.

Tier II Classification Committee will approve the following recommendation:

Retained in the current Phase of TIER II Program
Reassignment to a lower Phase of TIER II Program
Reassignment to a higher Phase of TIER II Program
Reassignment to General Population.
Transfer to another Facility's TIER II Program
Transfer to CDCP High Max Program

The Unit Manger may meet with the assigned counselor and as applicable MH counselor at an earlier time. These circumstances include exemplary behavior or significant misbehavior.

## OFFENDER SERVICES

### COUNSELING SERVICES

Offenders assigned Counselor will visit the dorm weekly for individual counseling sessions. The Mental Health Counselor will make rounds daily.

### LIBRARY SERVICES

Access to General and Law Library materials must be in writing and sent through the prison mail system. Offenders must sign for all material received and material is not to be swapped among any other offender. Days and time of delivery may change due to security or institutional needs or holidays. All efforts will be made to deliver legal material twice weekly. All efforts will be made to deliver general library material once a week.

### CHAPLAINCY SERVICES

In case of an emergency, (death in family, serious illness, an injury to a family member, divorce, or some other family trauma), you should request the officer available to you to contact the Chaplain for counsel relating to the emergency. Religious materials available to you to the Chaplain's Office are Bibles, Korans, and books on a variety of subjects and services.
Request for the Alternative Meal Application.

### HEALTH CARE SERVICES

Sick call will be conducted for TIER II offenders Monday through Friday by medical staff in a designated area. To ensure patient confidentiality, envelopes and the Health Services Request Form will be picked up by the nurse on daily rounds.

***A more detailed housing program handbook is available through the assigned counselor.***

## Segregation - Tier I: Disciplinary, Protective Custody and Transient Housing Program Progression Handout

Progression through Tier I depends upon:

- The offender's ability to abide by all of the rules and regulations in the Inmate Disciplinary policy

- To be "Inspection Ready" during the Warden's rounds

- To be courteous and respectful of all facility staffs

- To cease all disruptive behaviors including verbal threats and gestures towards staffs and other offenders

- To fulfill/complete all instructions issued by staff.

Failure to progress through Tier I may result in being placed in the Administrative Segregation Tier II Program.

# Administrative Segregation: Tier II Conditions and Privileges

| | PHASE 1 | PHASE 2 | PHASE 3 |
|---|---|---|---|
| **PERSONAL PROPERTY** | Limited to State Issued Only (see below) | Limited to State Issued Only (Hygiene Items/see below ) | Limited (Hygiene items, photo albums/see below) |
| **COMMISSARY** | (legal supplies only) | $15 for commissary (legal and hygiene items only) | $30 for commissary (restricted store list) |
| **TELEPHONE** | (1)-15 min call per month | Up to (2)-15 min call per month | Up to (3)-15 min call per month |
| **RECREATION** | 5 hours per week | 5 hours per week | 5 hours per week |
| **TELEVISION** | None | None | None |
| **VISITATION** | 1 non-contact per month for up to 2 hours (2 visitors only) | Up to 2 non-contact per month for up to 2 hours (2 visitors only) | Up to 3 non-contact per month for up to 2 hours (2 visitors only) |
| **CLOTHING** | State Stripes and Shower Shoes | State Stripes and Shower Shoes | State Stripes and Shower Shoes |
| **PROGRAMMING** | None | In-Cell as Available Determined by Program Plan | In-Cell and/or Restricted Small Groups as Available Determined by Program Plan |
| **MAIL** | Personal Property per SOP (see below) | Personal Property per SOP (see below) | Personal Property per SOP (see below) |
| **SECUREPAK** | None | None | None |
| **RESTRAINTS** | Handcuffs at a minimum | Handcuffs at a minimum | Handcuffs at a minimum |

# Administrative Segregation: Tier II Property Allowance

| | |
|---|---|
| Envelopes | 25 |
| Letters | 20 (provided they fit into one 10 x 13 manila envelope) |
| Pencils | 2 |
| Pens | 2 |
| Stamps | 20 (need proof of ownership) |
| Toothbrush | 1 (Offender may keep personal toothbrush in exchange for state issued toothbrush) |
| Toothpaste | 2 |
| Tablet | 1 |
| Bible or Koran | |
| Religious pendants w/necklaces | |
| Prayer rug | |
| Kufi | |
| Shower Shoes | 1 Pair (Offender may keep personal shower shoes until the facility provides state issued shower shoes) |

CONFIDENTIAL
RECD NOV 1 2 2013 Offender GRIEVANCE FORM (Facsimile)

Attachment 1
SOP IIB05-0001

| INSTITUTIONAL STAFF USE ONLY |
|---|

OFFENDER NAME Eric Johnson OFFENDER NUMBER 1171103

INSTITUTION Hancock State Prison GRIEVANCE NUMBER 160978

DATE COMPLETED FORM RECEIVED FROM OFFENDER 11 / 8 / 13 BY _____

DATE APPEAL RECEIVED ___ / ___ / ___ BY _____

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DATE & DESCRIPTION OF INCIDENT: On October 10, 2013 Deputy Warden of Security Ivey Porured Eric Johnsons entry into general population because of the Civil Suits Eric Johnson filed for redress-the deprivations under color of state law of rights secured by the Constitution of the United States. Warden has no reasons to hold Eric Johnson in Administrative Segregation except to hinder Eric Johnson from reaching the courts. Retaliating his civil action. Warden Ivey and Defendant McLaughlin are close friends and Ivey is assisting in A "campaign of harassment which is a violation of my rights.

RESOLUTION REQUESTED: Speak with my Federal Court Advocate as soon as possible. And be removed from Deputy Warden Ivey Control and Custody.

Eric Johnson                              11/05/13

**OFFENDER Signature**                    Date

*Is this grievance being filed within 10 day time limit? Please answer O Yes or O No. If the answer is No, please explain why.*

Attachment 3
SOP IIB09-0003
(07/01/13)

Administrative Segregation: Tier II Program

Assignment Appeal Form



I. Offender: __JOHNSON, ERIC__ GDC #: __1171103__   DATE: __11/14/13__

II. Administrative Segregation: Tier II Program Assignment

In accordance with GDC SOP, you were placed in the Administrative Segregation: Tier II Program for the following reasons:

THE OFFENDER IS NOTED AS A THREAT TO THE SAFE AND SECURE OPERATION OF THE FACILITY. REFUSING HOUSING. *See documentation dated 11/23/13*

III. Offender's rebuttal: (within 3 business days submit to the assigned counselor who will forward to the Facilities Director's Office).
*re: tardit*

*I have not prepared housing period. I don't have any*
*results on there who wants to be a threat to the*
*security. My re____ process have been violated NR1*
*Offence in custody no that me I severe, os different ___*

DATE APPEAL RECEIVED: __11/14/13__   BY: _____ [COUNSELOR]

IV. Review of Appeal

I ☑ concur / ☐ disagree with the Administrative Segregation: Tier II Program Classification Committee / Warden's Action. The following decision(s) has/have been made in this case.

*Remain TIER II*

_____   __12-2-13__
Facility Director / Designee Signature          Date

Copies: Offender   Offender File
...completion of this form; it will be placed in the offender case history file.

---

**OFFENDER RECEIPT FOR ADMINISTRATIVE SEGREGATION TIER II PROGRAM ASSIGNMENT**

OFFENDER'S NAME: __Johnson, Eric__   I.D.#: __117/103__

I ACKNOWLEDGE RECEIPT OF THIS APPEAL FROM THE ABOVE OFFENDER.

DATE: __11/15/13__   COUNSELOR'S SIGNATURE: _____

United States District Court
Middle District of Georgia
Macon Division

Eric O'brien Johnson
          plaintiff,

V.

Brian Owens,
          defendants.

Declaration
of
Eric O'brien Johnson

Eric O'brien Johnson hereby declares:

I am currently housed in cell 129 in G-2 Tier II, Administrative Segregation Program. I am being housed in a 1 condition cell.

I have been placed in the Tier II program at Hancock State Prison without a hearing which is a due process violation. I am being subjected to cruel and unusual punishment which is a violation of my Eighth Amendment. My personal property and all my hygiene items except for a toothpaste have been taken away from me. This is a 44 hour dorm with ofevers outside recreations pass. they can not give the minimum five hours of outside recreations required by law. I have requested the S.O.P for the Tier II long term Administrative Segregations for well over sixty days, and the law library clerk as well as the Deputy Warden of Care and Treatment have refused to give me a copy.

I declare under the penalty of perjury that the foregoing is true and correct. Executed at G-2 Administrative Segregations at Hancock state prisons on November 12, 2013.

Eric O'brien Johnson

I have not period housing Period. I dont have any assaults or disruptive behavior to be a threat to the facility. My due process rights have been violated. Any changes in conditions that are so severe or different from ordinary conditions of confinement that whether or not state laws gives that authorities broad discretionary power to impose them, the state authorities may not do so without complying with minimum requirements of due process.

Disciplinary segregation without a prior hearing that gives me a reasonable time to raise a defense violates my due process rights. Solitary confinement or segregation in the usual Disciplinary cell or strip cell, represents a major change in the conditions of confinement.

The laws states that an inmate facing disciplinary segregation shall be allowed to call witnesses and present documentary evidence in his defense. The right to present evidence is basic to a fair hearing.

It is well established that solitary confinement is a deprivation requiring a due process hearing for its imposition. Due process rights are required whenever an individual risks condemnation to a grievous loss. The due process is required before the termination of welfare benefits, revocation of parole or placement in solitary confinement. Conviction of a crime does not render me a non-person whose rights are subject to the whim of prison administrators, and therefore the imposition of any serious punishment within the prison system requires procedural safeguards. If I'm not removed from this program I will file a civil action against all involved parties.

United States District Court
Middle District of Georgia
Macon Divisions

Eric O'Brien Johnson,
    plaintiff,

V

Brian Owens, et al,
    defendants

Declarations
of
Eric O'Brien Johnson

Eric O'Brien Johnson hereby declares:

I Am currently housed in cell G-2-145 in the Tier II Administrative Segregation program since October 30, 2013

On November, 12, 2013 Deputy Warden of Care and treatment A. Hill And Warden Dennis Brown walked around G-2 Administrative Segregation pointing to inmates about the program. I explained to both Mr. Hill And Mr. Brown that their course of action they are using to place me in the Tier II Administrative Segregation program violates my due process rights. I was Not advised About Any hearing or Any changes so I could Not prepare A defense to avoid the sanction.
    Mr. Brown stated "you are on segregation And No program is going to start until November 13 2013

I declare under the penalty of perjury that the foregoing is true And correct. Executed At G-2 Administrative Segregation At Hancock State Prison on November 12, 2013
                                    Eric O'Brien Johnson

Middle District of Georgia
Macon Division

Eric O'Brien Johnson
        Plaintiff,

V

Brian's Owens, et al,
        defendants,

Declaration
of
Eric O'Brien Johnson

Eric O'Brien Johnson hereby declares:

I Eric O'Brien Johnson am currently housed in S.M.U cell #
5. I have been housed in S.M.U #5 in Administrative
Segregation since my Arrival at Hancock State Prison on
October 10, 2013

On October 18, 2013 Deputy Warden Ivey stated to me
"you are not coming out my nor you were locked down at
Macon State Prison, McNaughlins didust want you on his
compound you Aint touching out on mine" "That's my
good friend we-think Alike I-trained under him at
Macon"

I declare under the penalty of perjury that the
foregoing is true and correct. Executed at S.M.U Hancock
State Prison on October 18, 2013