## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| ERIC O'BRIEN JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:14-CV-3 (CAR) (CHW) |
| | : | |
| Commissioner BRIAN OWENS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation to (1) dismiss Plaintiff's supervisory liability claims against Defendants Owens and Brown; (2) dismiss Plaintiff's due process claims; (3) dismiss Plaintiff's conditions of confinement claims regarding deprivation of outdoor recreation, deprivation of property, denial of adequate medical care, and use of excessive force; and (4) allow his retaliation claims against Defendants Nelson, Ivey, Hill, Pleas, and Ransom to go forward.  Plaintiff has filed Objections [Docs. 20 & 21] to the Recommendation objecting to the dismissal of his supervisory liability and due process claims.  Defendants have filed no objection to the Recommendation that Plaintiff's retaliation claim may proceed.

The Court has considered Plaintiff's Objections *de novo* and has thoroughly evaluated this record and the case law.  For the reasons that follow, the Recommendation [Doc. 8] is hereby **ADOPTED IN PART**.  The Recommendation is **ADOPTED** as to

Plaintiff's supervisory liability claims; his Eighth Amendment claims for deprivations of outdoor recreation, property, and medical care; and his retaliation claims.  Thus, Plaintiff's supervisory liability and Eighth Amendment claims for deprivations of outdoor recreation, property, and medical care are hereby **DISMISSED**; his retaliation claim may proceed.

The Recommendation, however, is **NOT ADOPTED** as to Plaintiff's due process claims and Eighth Amendment excessive force claim.  Plaintiff's excessive force claim is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's due process claims regarding deprivation of his personal property and his appeal are hereby **DISMISSED**.  Plaintiff's due process claim involving his segregation, however, may proceed together with his retaliation claim.

I.      Supervisory Liability Claims

Despite Plaintiff's objections otherwise, the Court agrees with the Recommendation that Plaintiff's supervisory liability claims against Defendants Brown and Owens must be dismissed because Plaintiff fails to allege any specific harms arising from their actions.  In his Objection, Plaintiff continues to assert vague and conclusory statements in his attempts to state a supervisory liability claim.  Thus, these claims must be dismissed.

II.     Due Process Claims

Plaintiff's due process claims arise out of his initial placement and subsequent retention in segregation.  Reading his Complaint and Supplemental Complaint liberally, as

this Court must, Plaintiff alleges that he arrived at Hancock State Prison (HSP) on October 10, 2013, and was immediately placed in segregation in a Special Management Unit without a hearing and without understanding why he was being placed there instead of in the prison's general population.  Five days later, on October 15, 2013, he states that he had an informal hearing at his cell door, but he had no prior notice of the hearing and was unable to call witnesses and present evidence on his behalf.   Plaintiff states that Defendants refused to provide him with information as to why he was being placed in segregation; he only knew he was placed there for "serious misconduct."[1]   Thus, on October 31, 2013, Plaintiff was moved to "Administrative Segregation," and on November 13, 2013, he was placed in the Tier II Long Term Administrative Segregation Program. Plaintiff contends all of his personal items property and hygiene items were taken away from him when he was placed in Tier II.   When Plaintiff filed his Objections to the Recommendation on April 28, 2014, he remained in Tier II Administrative Segregation. The Court is unclear whether Plaintiff currently remains in segregation.

While in segregation, Plaintiff states that he is isolated and denied outside recreation time.  The prison rules state that inmates in segregation are supposed to get one hour of outside recreation per day, but Plaintiff alleges he is allowed outside recreation for one hour only on Tuesdays and Thursdays.  Plaintiff alleges that the conditions he endures in segregation are "atypical" and a "significant hardship" on Plaintiff "in relation to the

---

[1] Complaint, p. 10 [Doc. 1].

ordinary incident of prison life."[2]  For example, Plaintiff states that inmates housed in the prison's general population have the ability to leave their cells and work, take classes, and mingle with others for 8-12 hours each day; he, on the other hand, spends the entire time alone in solitary confinement except for one hour each Tuesday and Thursday when he is allowed time for brief exercise and a shower.  Plaintiff states he remains isolated, constrained by leg irons and waist chains; he is subjected to long periods of isolated segregation in the "disciplinary cell or strip cell"[3]; he is allowed only one visit per month; he does not receive basic needs such as showers and outside recreation on a daily basis; and he is allowed no personal property, commissary, receipt of package privileges, or participation in educative, religious, or rehabilitative programs.

Plaintiff alleges that he appealed his placement in segregation through the prison's internal grievance procedure, but Defendants failed to properly evaluate his appeal form within the required fourteen days.  When Defendants finally did respond, they "added charges to Plaintiff's appeal form . . . denying [his] right to prepare a defense to avoid sanction."[4]

As stated earlier, when Plaintiff filed his Objections to the Recommendation on April 28, 2014, he remained in Tier II Administrative Segregation.  Thus, accepting his allegations as true that he has remained in segregation since his arrival at HSP on October 10, 2013, Plaintiff has been in segregation for at least six and a half months.  The Court

---

[2] *Id.* at p. 15.
[3] *Id.* at p. 12.
[4] Supplemental Complaint, p. 3 [Doc. 6].

does not know if he currently remains in segregation.

Plaintiff contends Defendants violated his due process rights by taking his personal property, depriving him of outside recreation, failing to properly respond to his appeal, and confining him to segregation without notice or a proper hearing.  It is well-settled that the Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without due process of law."[5]  In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived him of a constitutionally protected liberty or property interest without constitutionally adequate process.[6]  There can be no constitutional violation without the deprivation of a protectable interest.  Thus, the Court must first determine if Plaintiff has stated the deprivation of a protectable interest.  Here, Plaintiff asserts he was deprived of both his property interest and his liberty interest.

A.  _Property Interest_

Plaintiff contends he was deprived of all of his personal property in violation of his due process rights.  Even if these allegations are true, they do not describe a constitutional violation.  The Due Process Clause of the Fourteenth Amendment is not offended when a government official deprives an individual of his personal property so long as the State makes available a meaningful post-deprivation remedy for the loss of his property.[7]  Because the State of Georgia provides Plaintiff an adequate post-deprivation remedy for

---

[5] U.S. Const. amend. XIV.
[6] _Foxy Lady, Inc. v. City of Atlanta, Ga._, 347 F.3d 1232, 1236 (11th Cir. 2003).
[7] _Hudson v. Palmer_, 468 U.S. 517, 533 (1984).

the loss of his property,[8] any due process claim based on the deprivation of Plaintiff's personal property must be dismissed with prejudice.

B. _Liberty Interest_

1. Failure to Respond to Appeal

As set forth in the Recommendation, Plaintiff has no constitutionally-protected liberty interest to an inmate grievance procedure.[9]   Thus, the Court agrees these claims must be dismissed with prejudice.

2. Segregation / Deprivation of Outside Recreation

Plaintiff also contends that prison officials violated his liberty interest by keeping him in segregation for an extended period in conditions "so severe [and] different" from the conditions in the general population, including deprivation of outside recreation.   To determine whether Plaintiff was deprived of his "liberty" within the meaning of the Fourteenth Amendment "is often a difficult determination in the context of a prison, because prisoners have already been deprived of their liberty in the ordinary sense of the term."[10]   However, there are two circumstances in which a prisoner is further deprived of his liberty such that due process is required.   "The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by

---

[8] _See_ O.C.G.A. §§ 51-10-1 through 51-10-6.  _See also Lindsey v. Storey_, 936 F.2d 554, 561 (11th Cir. 1991) (no due process violation because Georgia "has provided an adequate post deprivation remedy").

[9] _Thomas v. Warner_, 237 F. App'x 435 (11th Cir. 2007) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim.").

[10] _Bass v. Perrin_, 170 F.3d 1312, 1318 (11th Cir. 1999).

the Court.[11]   The second is when the State has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"[12]   Plaintiff does not allege that his punishment will affect the duration of his sentence; thus, the only issue is whether his transfer to segregation imposed an atypical or significant hardship on him.

Generally, "[w]hen an inmate is placed in conditions more restrictive than those in the general prison population, whether protective segregation . . . or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time."[13]   As a general rule, the placement of a prisoner in segregation for a reasonably short period, such as thirty days, does not implicate a protected liberty interest as it does not present "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[14]   On the other hand, the transfer of a prisoner into administrative segregation for an entire year or longer may impose an atypical hardship.[15]

Here, Plaintiff alleges that he has been in segregation for at least six and a half

---

[11] *Id.* (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995); and *Vitek v. Jones*, 445 U.S. 480, 492-93 (1980)).

[12] *Id.* (citing *Sandin*, 515 U.S. at 484; *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); and *Dudley v. Stewart*, 724 F.2d 1493, 1497-98 (11th Cir. 1984)).

[13] *Gilyard v. McLaughlin*, 5:14-CV-185-MTT, 2014 WL 2987108, *3 (M.D. Ga. July 2, 2014) (citing *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013)).

[14] *Id.* at 1318.

[15] *See Williams v. Fountain*, 77 F.3d 372, 374-75 (11th Cir. 1996).

months under conditions presenting a significant hardship in relation to ordinary prison life, including: deprivation of yard time; isolation; constraint by leg irons and waist chains; deprivation of personal property, commissary, receipt of package privileges; and deprivation of participation in educative, religious, or rehabilitative programs.  At this initial screening stage, the Court must construe all allegations liberally in favor of Plaintiff, and in so doing, the Court concludes Plaintiff has alleged the deprivation of his liberty interest.

C. *Due Process*

Having determined Plaintiff has adequately alleged that his placement in segregation infringed upon a constitutionally protected liberty interest, the Court must next determine whether Plaintiff has sufficiently stated he was denied constitutionally adequate process.  The Court must first determine whether Plaintiff was placed in punitive segregation or non-punitive administrative segregation.  Prison officials must afford prisoners facing punitive segregation more protection than those facing administrative segregation.  The minimum requirements of due process for prisoners facing punitive segregation are (1) advance written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence, when consistent with institutional safety and correctional goals.[16]  For prisoners facing administrative segregation, however, prison officials are accorded "wide-ranging deference in the adoption and execution of policies and practices that in their

---

[16] *See Young v. Jones*, 37 F.3d 1457, 1459-60 (11th Cir. 1994).

judgment are needed to preserve internal order and discipline and to maintain institutional security."[17]   Thus, the decision that an inmate poses a security threat and should be placed in non-punitive administrative segregation is subject to limited procedural safeguards.   "An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation."[18]

Based on Plaintiff's allegations, it is unclear whether he was placed in administrative or punitive segregation.   Plaintiff alludes that he was initially placed in segregation because of "serious misconduct," implicating punitive segregation.[19] However, Plaintiff also states that he was placed in segregation for the "welfare of the institution," implicating administrative segregation.[20]   Throughout his pleadings, Plaintiff refers to his placement in segregation as both disciplinary[21] and administrative.[22]   Plaintiff alleges that he had no prior notice of his placement in segregation, no formal hearing, and no opportunity to present witnesses or evidence on his behalf.   Thus, this Court finds Plaintiff has adequately stated he was denied adequate process, and this claim will proceed.

---

[17] *Hewitt v. Helms*, 459 U.S. 472 (1983).

[18] *Id.* at 476.

[19] Complaint, p. 10.

[20] *Id.* at p. 4.

[21] *See, e.g.,* Complaint, p. 4; Supplemental Complaint, pp. 3, 6, and 7.

[22] *See, e.g.,* Complaint, p. 10; Supplemental Complaint, pp. 3 and 4.

III.    Eighth Amendment Claims

A. *Excessive Form Claim*[23]

The Recommendation recommends dismissing Plaintiff's excessive force claim with prejudice because Plaintiff failed to allege adequate facts to state such a claim. Plaintiff, however, has filed a complaint in *Johnson v. Ivey, et al.*, Case No. 5:14-CV-141(CAR), appearing to allege adequate facts supporting his excessive force claim. Thus, the Court hereby **DISMISSES** Plaintiff's excessive force claim in this case **WITHOUT PREJUDICE**.

**CONCLUSION**

Based on the foregoing, the Recommendation [Doc. 8] is hereby **ADOPTED IN PART**. The Recommendation is **ADOPTED** as to Plaintiff's supervisory liability claims; his Eighth Amendment claims regarding deprivations of outdoor recreation, property, and medical care; and his retaliation claims. Thus, Plaintiff's supervisory liability and Eighth Amendment claims regarding deprivations of outdoor recreation, property, and medical care are hereby **DISMISSED**, and his retaliation claim may proceed.

The Recommendation, however, is **NOT ADOPTED** as to Plaintiff's Due Process Claims and Eighth Amendment excessive force claim. Plaintiff's excessive force claim is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's due process claims regarding deprivation of his personal property and his appeal are hereby **DISMISSED**. Plaintiff's due process claim involving his segregation, however, may proceed together with his

---

[23] Plaintiff does not object to the dismissal of his Eighth Amendment claims for deprivations of outdoor recreation, property, or medical care. Thus, those claims are hereby **DISMISSED**.

retaliation claim.

**SO ORDERED**, this 21st day of November, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT

SSH